No. 2,186.

EUGENE McCARTHY, RESPONDENT, v. GREGORY YALE, APPELLANT.

PLEADING — COMPLAINT IN EJECTMENT. — The decision in the case of *Payne & Dewey* v. *Treadwell* (16 Cal. 242), as to the form of the complaint in an action of ejectment, affirmed.

EJECTMENT. — JUDGMENT FOR DAMAGES OR MESNE PROFITS.—Where a judgment in ejectment does not specify whether the sum awarded was for damages or mesne profits, or for both, the presumption is, that the judgment was sustained by the evidence, and such judgment is a bar to a further recovery for the same cause.

IDEM.—LANDLORD AND TENANT. — When a landlord is entitled to bring an action against a tenant at sufferance under the "Forcible Entry" Act, he may, at his option, after due notice to quit, etc., proceed under the provisions of that Act, or maintain an action of ejectment.

IDEM. — PLEADING. — JUDGMENT. — In an action of ejectment by the landlord against a tenant at sufferance, it is not necessary that the complaint should state the tenancy, its termination, the notice, etc.; and when it appears from the pleadings that such tenancy existed, it will be presumed in support of the judgment in favor of the landlord that it was proven on the trial that all the necessary steps to terminate the tenancy had been properly taken.

DEMURRER. — A party to whose pleading a demurrer is interposed is not injured by the failure of the Court to pass on the demurrer.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts are stated in the opinion.

*Gregory Yale;* in *pro per.*, for Appellant.

*McCullough & Boyd,* for Respondent.

RHODES, C. J., delivered the opinion of the Court:

The complaint is substantially in the form which was approved in *Payne & Dewey* v. *Treadwell* (16 Cal. 242.) Since that decision was announced, allegations of the character of those mentioned in that case have been regarded as sufficient to show the title or interest of the plaintiff, and his right to the possession of the real estate, and the entry, ouster and continued withholding by the defendant. Although it is thought by many, that a style of pleading in the action of ejectment, which would show with precision the right or title under which the plaintiff claims the possession, and the true position of the defendant, both in respect to the title and the possession, would be far preferable to the present system, and would enable the judgment roll to exhibit the issues which were tried and determined, with more distinctness and certainty, yet the present system has become so completely established, that a change, if any is desirable, ought to come from the Legislature.

The complaint in this case alleges the damages sustained by the entry and withholding of the possession by the defendant, and the value of the mesne profits ; and we entertain no doubt that the allegations in those respects are sufficient to support the judgment. The judgment does not specify whether the sum of $300 was awarded for the damages or mesne profits, or for both ; but the presumption is that the judgment was sustained by the evidence ; and whether that sum was awarded for one or both of those demands, the judgment is a bar to a further recovery for the same cause.

The presumption is, that the plaintiff's demurrer to the cross-bill was waived or withdrawn. (*Brooks* v. *Douglass*, 32 Cal. 212; *Abadie* v. *Carillo*, 32 Cal. 174.) But if that presumption should not, for any reason, be indulged, it is difficult to conceive how the party to whose pleading the demurrer was interposed could be injured by the failure of the Court to pass on the demurrer.

It appears from the cross-bill and the answer thereto, that it was agreed at, or soon after the purchase of the premises by the plaintiff from the defendant, that the defendant might

continue to reside on the premises for three months, as the defendant alleges, or from thirty to sixty days, as the plaintiff alleges, at a nominal rent. That time, or the longest period mentioned by either party, having expired before the commencement of this suit, the defendant became a tenant at sufferance. The defendant's point is, that in such case the action should have been brought under the "Forcible Entry" Act, and in the County Court, for holding over after the expiration of the term, and after notice to quit, etc.

There is no room for doubt that whenever a landlord is entitled to bring an action under that Act against a tenant at sufferance, after having given the requisite notice to quit, etc., he may, instead of proceeding under that Act, maintain an action of ejectment. In such action it is not requisite that the complaint should state the tenancy, its termination, the notice, etc.; and when it appears from the pleadings that such tenancy existed, it will be presumed in support of the judgment in favor of the landlord, that it was proven on the trial that he had taken the necessary steps to terminate the tenancy before the commencement of the action, and was then entitled to recover, unless the contrary is shown by a statement or a bill of exceptions.

Judgment affirmed.