[No. 3989.]

## THE WILMINGTON CANAL AND RESERVOIR COMPANY v. MANUEL DOMINGUEZ.

FINDING OF A JURY IN CASE OF EMINENT DOMAIN.—If, in proceedings to condemn property for a public use, the question whether the taking of the same is necessary for such use is submitted to a jury, and the jury find on the issue, the court has no power to disregard the finding of the jury and make findings of its own.

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

The plaintiff was a corporation formed for the purpose of excavating a canal from the San Gabriel River to Wilmington, and also for the purpose of building a reservoir to hold water. The proposed object was to supply farmers with water for purposes of irrigation, and to supply the people with pure water, and to supply water for manufacturing purposes. The company also proposed to construct reservoirs to hold water, and to transport freight and passengers on the canal. The verdict of the jury was rendered June 16, 1873. The plaintiff, on the 23d of June, asked the court to make findings of fact in the case. The defendant objected, and asked for judgment on the findings. The court, on the next day, made findings, in which it found that the taking was necessary for a public use, and rendered judgment condemning a part of the land sought in the complaint. The defendant appealed.

The other facts are stated in the opinion.

*Thom & Ross*, for the Appellant.

*Glassell, Chapman & Smiths*, for the Respondent.

By the COURT:

By the second subdivision of section 1241 of the Code of Civil Procedure, it is provided in effect that before private property can be taken for a public use it must appear "that the taking is necessary for such use."

That question was submitted to a jury, who found that at the time of the commencement of this action it was *not* necessary to take the land sought to be taken by the plaintiff for the purposes stated in the complaint. The court disregarded the verdict, and found as a fact that it was necessary to take *part* of the land.

Section 1256 of the Code of Civil Procedure is as follows: "Except as otherwise provided in this title, the provisions of Part II of this Code are applicable to, and constitute the rules of practice in the proceedings mentioned in this title."

Section 592 of Part II provides that "an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference ordered, as provided in this Code."

There is no provision in the sections which relate to eminent domain inconsistent with the two sections just cited. Therefore, the judgment and order are reversed and the cause remanded.