## G. W. CUMMINGS v. F. PETERS.

**Eminent Domain—Public Use.**—The complaint alleged, "that the uses for which said water is intended and designed are mining, irrigation, manufacturing, and household and domestic purposes; that the line of said canal had been surveyed and located upon the ground, and marked out, etc., * * * that along said line of canal, there are many valuable mining claims, and a large body of undeveloped mining land, besides much agricultural land; that said mining claims cannot be worked, nor can said mineral land be developed, nor can said agricultural land be profitably cultivated, without water brought upon it by artificial means; that said canal is intended to and will supply this want by the sale and distribution of the said water along its line and at its terminus at Thompson's Flat, and such is the design and intention of the plaintiff, and he avers that it is a public use, and that he is in charge thereof; * * * that the taking of a portion of the said land of the defendant for said use is necessary," etc.; *held*, to be a sufficient averment of a public use.

56   593
103   386

**Id.—Id.—Special Verdict.**—The defendant is entitled to a special verdict or finding, there being no general verdict, upon the affirmative averment in his answer stating, that "it is the intention of the plaintiff and his associates to use the water of said ditch in mining their own land, and for no other purpose, and that said use is a private use.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Superior Court of the County of Butte. HUNDLEY, J.

After the decision in Department, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*Gray & Gale*, and *Freeman & Bates*, for Appellant.

The complaint does not show any public necessity; it does not state that water for manufacturing and other purposes does not exist in abundance along the line of the proposed ditch, nor that any mining or agricultural land can be profitably worked by the aid of the proposed ditch. (*Edgewood R. R. Co.'s Appeal*, 79 Pa. St. 257; *People* v. *Pittsburgh R. R. Co.* 53 Cal. 694.)

There is no finding of any public necessity, nor any finding upon the issue that the canal is for plaintiff's private use. The findings of the Court do not aid the special verdict of the jury, because the Court professes to act, not on the evidence, but to draw legal conclusions from the facts found by the jury.

Reardan & Freer, for Respondent.

The complaint is in accordance with the requirements of the Code of Civil Procedure, § 1244; and it states a case within the purview of § 1238. (*Stockton & V. R. R. Co.* v. *Stockton*, 41 Cal. 147.)

MORRISON, C. J. :

This was a proceeding in the Superior Court of Butte County to condemn a strip of defendant's land, thirty feet in width, for a ditch or canal, designed to conduct water for mining, irrigation, manufacturing, and household and domestic purposes. There was a demurrer to the complaint, which was overruled. The defendant thereupon filed an answer, in which he denied all the material allegations of the complaint; and special issues, involving some of the questions in controversy, were submitted to a jury.

The following were the questions submitted to and passed upon by the jury :

" Q. Is the proposed ditch intended for the purpose of supplying water for either of the following uses, namely : Mining, agriculture, manufacturing, and domestic? If so, name the use or uses.

" A. Yes, the following, namely : Mining, agricultural, manufacturing, and domestic.

" Q. Is it one of the purposes of said ditch to supply water for sale, rental, or distribution?

" A. Yes.

" Q. Is the land sought to be condemned, or any part of it, necessary for the said ditch? and if less than a strip thirty feet wide be sufficient, state how much is necessary.

" A. Yes: it is necessary for said ditch, and thirty feet of land is necessary.

" Q. What was the value of the land to be taken at the time of the issuance of the summons in the action, viz., on the 10th day of April, 1880?

" A. $23.43¾.

" Q. What damage (if any) will the balance of the tract sustain by reason of its severance from the part sought to be condemned and the construction of the ditch?

"A. Damages, $175.

"Q. What is the value of the benefits that will accrue to the portion of the land not sought to be condemned, from the proposed ditch, if any?

"A. None.

"Q. Is the plaintiff the owner of the water right and privilege named in the complaint?

"A. Yes.

"Q. Is he now engaged in the construction of the ditch described in the complaint, and was he so engaged at the commencement of this action?

"A. Yes.

"Q. Is the plaintiff in charge of the proposed ditch?

"A. Yes."

From the above findings of the jury, the Court drew the following conclusions of law:

1. "That the water appropriation and the proposed ditch mentioned in the complaint constitute a public use, and that the plaintiff is in charge thereof.

2. "The taking of the strip of land thirty feet wide through the tract of land of the defendant, as demanded in the complaint, is necessary for the said use.

3. "That the compensation which the defendant is entitled to have from the plaintiff for the taking of said land is the sum of $198.43¾.

4. "That the plaintiff is entitled to judgment condemning the said strip of land for the said use, as prayed for in the complaint, upon the payment by him to the defendant of the said sum of $198.43¾ within thirty days from the date hereof."

It was therefore "by the Court adjudged and decreed, that the use described in the complaint is a public use, and that the land demanded by the plaintiff in the complaint aforesaid is necessary thereof.

"And it is further ordered and adjudged, that the said plaintiff, within thirty days from the date hereof, pay the defendant the sum of $198.43¾, and that upon the said payment being made within said time, the final order condemning and taking said strip of land be made and entered."

The plaintiff deposited the sum of $198.43 with the clerk of

the Court, and thereupon a judgment of condemnation was duly entered. A motion for a new trial was made, which was denied by the Court, and this appeal is taken from the judgment, and also from the order denying the motion for a new trial. The bill of exceptions does not contain the evidence taken in the Court below, and the questions presented on this appeal are purely questions of law.

The proceeding is under title vii of the Code of Civil Procedure, concerning eminent domain. Section 1238 of that Code provides as follows: " Subject to the provisions of this title, the right of eminent domain may be exercised in behalf of the following public uses:      *      *      *

" Subdivision 4. Wharves, docks, piers, chutes, booms, ferries, bridges, toll-roads, by-roads, plank and turnpike roads, steam and horse railroads, *canals*, *ditches*, flumes, aqueducts, and pipes for public transportation, supplying mines and farming neighborhoods with water," etc., and article xiv, § 1, of the Constitution declares, that " the use of water now appropriated, or that may hereafter be appropriated, for sale, rental, or distribution, is hereby delared to be a public use, and subject to the regulation and control of the State in the manner to be prescribed by law."

The complaint shows, that " the uses for which said water is intended and designed are mining, irrigation, manufacturing, and household and domestic purposes; that the line of said canal has been surveyed and located upon the ground, and marked out, etc.      *      *      *      That along said line of canal, there are many valuable mining claims, and a large body of undeveloped mining land, besides much agricultural land. That said mining claims cannot be worked, nor can said mineral land be developed, nor can said agricultural land be profitably cultivated, without water brought upon the same by artificial means. That said canal is intended to and will supply this want by the sale and distribution of the said water along its line, and at its terminus at Thompson's Flat, and such is the design and intention of the plaintiff; and he avers, that it is a public use, and that he is in charge thereof.      *      *      *      That the taking of a portion of said land of the defendant for said use is necessary," etc.

These averments in the complaint bring the case within the

provisions of the statute, as well as the article of the Constitution above referred to.

2. One of the defenses set up in the answer of the defendant is, " that plaintiff and others acting with him own large and valuable tracts of mining ground near the terminus of the proposed canal at Thompson's Flat, and that it is his and their intention to use the waters of said canal in mining his and their own land, and for no other purpose, and that said use is a private use."

On this issue, there was no finding either by the jury or the Court. There was no general verdict, and the answers of the jury to the questions submitted to it do not determine the issue. The defendant was entitled to a finding upon it, for it is clear that if, as is asserted by him, the alleged public use is a mere pretense, and that the real purpose of the plaintiff is to procure the waters for the private use of himself and his associates, he cannot invoke the aid of the Court in this proceeding. This issue of fact should have been submitted to the jury, a jury trial not having been waived, nor a reference ordered. ( *Wilmington C. & R. Co.* v. *Dominguez*, 50 Cal. 505.)

Judgment and order reversed, and cause remanded for a new trial.

McKinstry, J., and Ross, J., concurred.