[In Bank, January 25, 1883.]

## HENRY LORENZ ET AL., RESPONDENTS *v.* HENRY JACOB, APPELLANT.

EMINENT DOMAIN—CONDEMNATION OF PRIVATE PROPERTY FOR A PRIVATE USE. —The right of eminent domain is restricted to the taking of private property for public use. It cannot be exercised in favor of the owners of mining claims, to enable them to obtain water for their own use in working such claims, though the intention may also be to supply water to others for mining and irrigating purposes.

APPEAL from a judgment of the Superior Court of the county of Trinity, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*F. P. Dann,* for Appellant.

*C. E. Williams,* for Respondent.

MORRISON, C. J.— Plaintiffs commenced proceedings in this case under § 1238 of the Code of Civil Procedure to condemn certain lands belonging to the defendant, for the purpose of a ditch then under process of construction by them.

It is alleged in the complaint that the plaintiffs are now constructing and completing a ditch for the purpose of carrying water from a certain point on Connor Creek to plaintiff's reservoir on Red Hill in Trinity County, and that the uses for which the water is intended and designed are mining and irrigation. The court below entered a judgment in conformity to the prayer of the complaint, and defendant prosecutes this appeal.

There are two points made by the defendant's counsel which we will briefly consider : *first,* the findings are insufficient to support the judgment ; and *second,* the evidence shows that the use for which the property is sought to be taken is a private use.

The following are some of the findings : —

" 3. That one of the uses for which the proposed ditch is intended is the sale and rental of water for mining and agricultural purposes.

" 9. That the use to which plaintiffs intend to devote the proposed ditch is for the sale, rental, and distribution of water to the mining claims and agricultural land in said Red Hill

Mining District, including mining and agricultural land belonging to said plaintiffs, and is not a purely private use."

At the request of counsel for defendant, the following additional finding was filed by the court: —

"5. With the exception of plaintiffs' own mine the owners of the different mining claims and agricultural lands mentioned could be served with water by means of ditches already in existence, and have been so served with water in former years. The ditches so used have ample capacity to carry the waters of Connor's Creek, except in times of exceptionally high water. Some of these ditches have fallen into disuse or have been worked away, and with the exception of the Connor ditch, the Jacobs ditch, the Mackey ditch, and the Butcher ditch, none of these ditches have rights of water of any value, either for mining or irrigating purposes. To serve the various claims and agricultural lands with water through these old ditches by letting the water run down Connor's Creek would involve a great waste of water, unless purchasers would take it at all times, night and day."

The conclusion of the court below was: "In conclusion, after a careful examination of the evidence offered, the following appears to be the true state of the case: Plaintiffs' are the owners of the most valuable interest of any in the waters of Connor's Creek, which stream is the only one available for working the mines in the Red Hill Mining District. This water they have used for many years past in working their own mines, occasionally renting some to others for mining or irrigating. Plaintiffs cannot work their mine to advantage by means of ditches now in existence, and rather than have their water become worthless, they propose to make a public use of it, in which use, as a part of the general public, they will be entitled to a share. The question is not free from difficulties; but in my judgment the statute should be liberally construed in a mining country; and if it appear that the intended use is a public one to a reasonable extent, the right of way should be granted."

We think that both points are well taken.

The findings are insufficient to show that the use for which the water was intended was a public use, and it clearly appears from the evidence that the main and substantial object of plaint-

iffs is to use the water in working their own mining claims. Private property cannot be taken for such a purpose. (*The Wilmington Canal and Reservoir Compny* v. *Dominguez*, 50 Cal. 505; *Cummings* v. *Peters*, 56 Cal. 593; *Bankhead* v. *Brown*, 25 Iowa, 540.)

Judgment and order reversed and the court below is instructed to enter judgment in favor of defendant.

MYRICK, J., McKINSTRY, J., Ross, J., and THORNTON, J., concurred.