[No. 11355.   Department Two. — August 26, 1886.]

ALONZO JOY, Respondent, *v.* JOHN McKAY, Ap-
PELLANT, AND JOHN McKAY ET AL., Intervenors
AND Appellants.

Tenancy at Sufferance or at Will — Termination of — Death of Land-
lord — Ejectment by Heir — Notice to Quit — Demand. — The
death of the landlord terminates a tenancy at sufferance or at will, and
thereafter the possession of the tenant is wrongful as against his heirs,
who become vested with a right of entry, and may maintain ejectment
without previously serving a notice to quit, or demanding possession of
the tenant.

Ejectment — General Verdict — Conflict of Evidence. — In an action
of ejectment, a general verdict is sufficient, and will not be disturbed on
the ground of the insufficiency of the evidence, if the evidence is substan-
tially conflicting.

Appeal from an order of the Superior Court of Ama-
dor County refusing a new trial.

The facts are stated in the opinion of the court.

*A. C. Brown,* for Appellants.

*Eagon & Armstrong,* for Respondent.

McKee, J.—This is an action to recover possession of
certain land and premises in Amador County, of which
Jarius A. Joy died seised and possessed on the 14th of
January, 1883.   Plaintiff in the action is the sole heir
and distributee of the estate of said decedent.

The action was commenced on the 17th of January,
1884.   At the commencement of the action, the de-
fendants, John McKay and his wife, were in possession,
claiming their possession to be rightful, because of,
— 1. A permissive occupancy of the premises under
Jarius A. Joy in his lifetime; and 2. Of a deed from him
to his sister, the defendant and intervenor, Clara A.
McKay, the wife of the defendant John.

At the trial, evidence was given tending to show that
in the year 1881, Joy, being owner and in possession of

the land, entered into a verbal agreement with McKay, his brother-in-law, to farm the land together for their mutual benefit; and that under that arrangement McKay entered upon the land and farmed it with Joy until the latter died in 1883.

After Joy's death McKay continued to occupy and farm the land for his own benefit; neither the administrator of Joy's estate, nor the plaintiff as the heir and distributee thereof, demanded possession from him; and it is contended that the plaintiff is not entitled to recover possession without proof of a demand.

But the defendant had not entered into possession under any agreement to pay rent; he was therefore not in possession as a tenant from year to year, entitled to notice to quit under section 1162 of the Code of Civil Procedure, and if the legal relation between him and Joy in the lifetime of the latter had been that of a tenant at sufferance or a tenant at will, that relation was terminated by the death of Joy; thereafter it ceased to exist, and the possession of the defendant became wrongful against the plaintiff, who as the sole heir and distributee of the estate of the original owner became vested with the right of entry to the land. No notice to quit nor any demand of possession was necessary on the part of the plaintiff before bringing an action of ejectment. (*Kilburn* v. *Ritchie,* 2 Cal. 145; S. C., 56 Am. Dec. 326; *Hauxhorst* v. *Lobree,* 38 Cal. 563; *McCarthy* v. *Yale,* 39 Cal. 585; *Martin* v. *Splivalo,* 56 Cal. 128; Civ. Code, sec. 793.)

The wife of the defendant derived no right or title to the land by the instrument in writing under which she asserted title.

The instrument purported to have been executed on the 22d of May, 1876. Its execution was not attested by any subscribing witness, — Joy, the party alleged to have executed it, was dead. In proof of its execution, Mrs. McKay testified that her brother delivered the instrument to her at the time it bears date, and told her

he "would acknowledge it when convenient"; but he died without acknowledging it, and the deed when offered in evidence was attacked as a forgery. Upon that issue there was a substantial conflict in the evidence, and the jury that tried the case rendered a general verdict for the plaintiff.

In ejectment, a general verdict is sufficient (*Cummings* v. *Peters*, 56 Cal. 597); and it will not be disturbed when founded upon substantially conflicting evidence.

Judgment and order affirmed.

Sharpstein, J., and Thornton, J., concurred.