## Perry v. Veal.

(Decided February 23, 1911.)

### Appeal from Owen Circuit Court.

Landowner—Permissive Use by Brother—Adverse Possession—Sale—Champerty.—Where the owner of a tract of land permitted his. brother to live on it, cultivate and rent out portions of it to whom he pleased and after the brother's death his widow was given permission to live on it, her occupancy was not adverse to, but. was under the owner and the sale of the land by the owner was not champertous.

JAMES H. SETTLE for appellant.

JOHN W. DOUGLAS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Some years prior to March 1, 1910, M. B. Perry bought a tract of land of about a hundred acres. His

brother, E. R. Perry, moved on to this land shortly after its purchase, and built a small house on it at an expense of possibly $150 to $200. M. B. Perry was a man of means, while his brother was poor. After he had taken charge of the farm, E. R. Perry used and enjoyed it as a home, and rented out portions thereof to whom he pleased, until his death in January, 1909. It is not claimed that E. R. Perry owned the land, but there is evidence to the effect that his brother bought it to provide him a home.

After his death, his wife, it appears, desired to remain upon the farm, and requested Dr. Green Perry, another brother, to intercede and get permission for her to remain upon the place during that year. She denies that she made such a request. But whether she did or not, she was, with the consent of M. B. Perry, permitted to continue on the farm and occupy the house.

In August, 1909, M. B. Perry and his wife sold and conveyed the land to M. S. Veal, and about March 1, 1910, he wanted possession of the land. The widow refused to surrender, and he brought a suit to dispossess her. A trial before the county judge resulted in a verdict in favor of appellee. On appeal the question was tried in the circuit court, with the same result. Being dissatisfied therewith, Mrs. Perry appeals and seeks a reversal here.

She alleges that she has been in the adverse possession of the land for a number of years, and was in the adverse possession thereof at the date of its sale to appellee, and that the sale was, therefore, champertous. That she was at no time a tenant of M. B. Perry, and did not become, by virtue of the sale to appellee, a tenant of appellee's, and that he was without right or authority to proceed to oust her in the way and manner in which he did. Her husband did not own the land, but was, under the most favorable construction that can be placed upon the evidence, a tenant at will of his brother's. All rights which he had in the land terminated at his death, and thereafter appellant, if a tenant at all, was a tenant by sufferance. The decided weight of the testimony is to the effect that, after the death of her husband, appellant sought and was granted permission from her brother-in-law, through his agent, to occupy the place. Her occupancy, therefore, was not adverse to, but under the owner, M. B. Perry, and his sale to appellee was not champertous.

No complaint is made that appellant was proceeded against without due or sufficient notice. Her only defense is that she was not a tenant of appellee's vendor, and the proof being against her upon this point, we are of the opinion that the judgment of the lower court is right, and it is, therefore, affirmed.