[Civ. No. 6991. First Appellate District, Division One.—July 15, 1930.]

J. V. DUGAND, Respondent, v. CLARICE MAY MAGNUS, Administratrix, etc., Appellant.

Russell W. Cantrell for Appellant.

Byrne & Lamson and Paul S. Jordan for Respondent.

THE COURT.—The above action was brought to recover from the estate of Eugene E. Magnus, deceased, certain rent which it was alleged the decedent was under obligation to pay.

The decedent was the lessee of an apartment under a written lease from Arthur J. Laib, the owner, for a term commencing August 1, 1925, and ending August 1, 1927. The lessee agreed to pay as rent therefor $165 per month except for six months of the term, namely, the months of December, 1925, February, March and December, 1926, and February and March, 1927, during which it was stipulated that he should enjoy the premises free of rent. He entered into possession and so remained until his death on July 28, 1926. The owner had previously executed a deed of trust of the premises to the California-Pacific Title Insurance Company as security for a loan. On June 22, 1926, the property was sold to pay the debt secured, and was conveyed by the trustee to Charles and Nellie Monson, through whom the plaintiff on January 12, 1927, derived title. The defendant, on October 15, 1926, became the duly appointed and qualified administratrix of the estate of the deceased, and remained in possession of the premises until April 1, 1927, when she vacated the same. It appears that the rent to that date was paid in accordance with the provisions of

the original lease. On October 16, 1926, the defendant caused notice to the creditors of the deceased to be given, and the plaintiff on June 15, 1927, filed a claim for the rent of the premises for the months of April, May, June and July, 1927, the material portions of the claim being as follows:

"Estate of Eugene E. Magnus, also known as E. E. Magnus, deceased.

"To J. V. Dugand, Dr.

"Rent due or to become due for that certain apartment known as No. 4 contained in that certain apartment house located at 3101 Clay street, together with a garage and store room in basement, $660.00.

"The above claim is founded upon a written lease made and entered into between Arthur J. Laib and the decedent dated June 16th, 1925, a copy of which is hereto annexed marked 'Exhibit A,' incorporated herein and made a part hereof.

"That said lease was duly executed by both parties thereto; that the rent provided for in said lease has only been paid up to and including the 31st day of March, 1927; that subsequent to the time of making the said lease and prior to the 31st day of March, 1927, the said claimant J. V. Dugand by mesne assignment became vested with the reversion of the said premises and with all of the right, title and interest of the lessor in and to said lease.

"(Signed) J. V. Dugand, Claimant."

The claim having been rejected, the present action was commenced, and in addition to averring the facts above set forth the amended complaint alleged the following:

"That on or about the 22nd day of June, 1926 and at all times thereafter up to the time of the death of the said Eugene E. Magnus, the said Eugene E. Magnus knew that the said premises had been sold under said deed of trust to the said Charles Monson and Nellie Monson, but from the said 22nd day of June, 1926, and up to the time of the death of Eugene E. Magnus the said Eugene E. Magnus continued to occupy said premises under said lease, and during said last mentioned period of time claimed that the said lease was in full force and effect, asserted a right to occupy said premises under said lease, and claimed that he had prepaid the rent under said lease to the said Arthur J. Laib accord-

ing to the terms of said lease until January 1, 1927; that upon the said claim being made the said Charles Monson and the said Nellie Monson on or about the said 22nd day of June, 1926, made an agreement with the said Eugene E. Magnus that the said lease should continue in force and effect in so far as their respective rights were concerned, and that the said lease should constitute the agreement between them as to the tenancy of the said Eugene E. Magnus with respect to said premises, and that the said Eugene E. Magnus should have credit for prepaid rent according to the terms of said lease until January 1, 1927.''

The defendant denied the material allegations of the amended complaint, and alleged as special defenses thereto a variance between the claim presented and the cause of action pleaded in that the former was a claim for rent reserved by the original lease between Laib and the deceased, while the amended pleading was based upon an alleged agreement between deceased and Monson, the predecessor in interest of the plaintiff; and also that this agreement as alleged being for the leasing of real property for a longer term than one year, the same if made was a parol agreement, which consequently was within the statute of frauds.

The court found in accordance with the allegations of the amended complaint and against the defenses alleged by the defendant. Judgment was entered accordingly, and the defendant, who has appealed, contends that the decision is unsupported.

When the property was sold under the trust deed the purchasers, namely, Charles and Nellie Monson, acquired the title thereto free and clear of all subsequent encumbrances (*Weber* v. *McCleverty,* 149 Cal. 316 [86 Pac. 706])', and the interest of the lessee being terminated the purchasers could not for want of privity recover upon the lease or sue for the value of the use and occupation of the premises (*McDermott* v. *Burke,* 16 Cal. 580).

It is alleged, however, and the court found that subsequent to the sale, the lessee having claimed the right to continue in possession under the lease, it was agreed between him and the purchasers that he should remain in possession as the tenant of the purchasers and that the provisions of the original lease should constitute the agreement between them.

The rule is well settled that the holder of a claim against an estate cannot maintain an action thereon unless the claim is first presented (*Estate of Dutard*, 147 Cal. 253 [81 Pac. 519]), and he can recover only upon the cause of action stated in the claim (*Etchas* v. *Orena*, 127 Cal. 588 [60 Pac. 45]; *Pearson* v. *Parsons*, 173 Cal. 336 [159 Pac. 1173]); nor can a complainant amend his complaint so as to set up another cause of action (*Bechtel* v. *Chase*, 156 Cal. 707 [106 Pac. 81]).

Tested by the above rules we are of the opinion that the action on the new contract alleged in plaintiff's amended complaint could not be maintained, as the only claim filed by him stated that the same was "founded upon the written lease entered into between Arthur J. Laib and the decedent," and that he "by mesne assignments became vested with the reversion of said premises and with all the right, title and interest of the lessor in said lease." While the claim presented is not required to state the facts with the precision and detail necessary in a complaint (*Pollitz* v. *Wickersham*, 150 Cal. 238 [88 Pac. 911]), it should afford the representative sufficient information to enable him to act upon it advisedly (*Thompson* v. *Koeller*, 183 Cal. 476 [191 Pac. 927]). Here there was no suggestion in the claim filed that the plaintiff relied upon a new obligation however created; and that such was not his claim is shown by his original complaint, by which he sought to recover upon the original lease, alleging, in accordance with the averments in the claim filed, that by mesne assignments he became vested with the reversion with all the right, title and interest of the lessor in the lease and that he was the owner and holder of the same. The claim was, in view of the facts, properly rejected, and the amended complaint alleged a new obligation. Whether this arose from an express promise or from facts creating an estoppel, as now claimed, is immaterial, as the same constituted a new and independent cause of action, which could only be enforced by showing that a claim based thereon was presented. (*Morehouse* v. *Morehouse*, 140 Cal. 88 [73 Pac. 738].)

As stated, the court found that the terms of the new agreement were those alleged in the amended complaint, which was entered into on or about June 22, 1926. These were, in effect, that Magnus should continue in possession as

Monson's tenant, and that in so far as their respective rights were concerned, the lease should continue in full force and effect and constitute the agreement between them. The term fixed by the original lease would have expired on August 1, 1927, and consequently the new agreement of June 22, 1926, was an attempt to create a new lease of the property for a period exceeding one year. This agreement was verbal, and being within the statute of frauds was unenforceable (Civ. Code, sec. 1624). ■ Nevertheless, Magnus continued in possession by permission of the owner and a tenancy at will was thereby created (*Carteri* v. *Roberts*, 140 Cal. 164 [73 Pac. 818]), but this tenancy was ended by implication of law upon the tenant's death (35 Cor. Jur., Landlord and Tenant, sec. 358, p. 1129; Tiffany on Landlord and Tenant, sec. 13, p. 115; 16 Ruling Case Law, sec. 92, p. 612; *Joy* v. *McKay*, 70 Cal. 445 [11 Pac. 763]; *Reed* v. *Reed*, 48 Me. 388; *Ellis* v. *Paige*, 1 Pick. (Mass.) 43; *Rising* v. *Stannard*, 17 Mass. 282; *Say* v. *Stoddard*, 27 Ohio St. 478; *Cody* v. *Quarterman*, 12 Ga. 386; *Perry* v. *Veal*, 142 Ky. 441 [134 S. W. 458]; *Hancock* v. *Maurer*, 103 Okl. 196 [229 Pac. 611]; *First Nat. Bank* v. *Wallace*, (Tex. Civ. App.) 13 S. W. (2d) 176). Mrs. Magnus, who later became the administratrix of her husband's estate, remained in possession until April 1, 1927, to which date, according to the complaint, the rent was paid. ■ It is well settled that except as authorized by statute an administratrix cannot, under her general powers, make a contract binding upon the estate (*Sterrett* v. *Barker*, 119 Cal. 492 [51 Pac. 695]; *Renwick* v. *Garland*, 1 Cal. App. 237 [82 Pac. 89]; *Hickman-Coleman Co.* v. *Leggett*, 10 Cal. App. 29 [100 Pac. 1072]), and the tenancy at will having terminated upon the death of Magnus, plaintiff had no cause of action against the estate, his claim being against Mrs. Magnus individually (*Southern Pac. Co.* v. *Swanson*, 73 Cal. App. 229 [238 Pac. 736]).

It is our conclusion that the claim filed was insufficient to sustain the cause of action alleged in the amended complaint, and that under the facts the estate of the deceased was not liable for the rent claimed.

The judgment is accordingly reversed.