DONALD A. PADDOCK, EXECUTOR OF THE ESTATE OF JACK HARTNEY, DECEASED, PLAINTIFF AND APPELLANT, *v.* A. W. CLAY, DEFENDANT AND RESPONDENT.

No. 10061.

Submitted September 19, 1960. Decided November 29, 1960.

Rehearing Denied December 19, 1960.

357 P.2d 1.

Paddock, Skelton & Hendricks, Thomas P. Hendricks, Missoula, argued orally for appellant.

Goldman & Jordan, Missoula, for respondent. Joseph M. Goldman argued orally for respondent.

MR. JUSTICE ANGSTMAN delivered the Opinion of the Court.

This action seeks restitution of certain described premises, and for treble damages for loss of rents because of alleged acts of defendant in taking possession of the premises after the death of Hartney, the tenant. Plaintiff is the executor of the estate of Hartney.

The complaint alleges that plaintiff was entitled to the possession and occupancy of the premises at the times referred to in the complaint; that plaintiff was offered $35 per month for the rental of the property and alleges that amount as the extent of his damages per month.

The answer was a general denial, and an affirmative defense to the general effect that defendant has been in the quiet possession of the land described for one year before the filing of plaintiff's complaint, and that his interest in the premises has not been ended or terminated.

An amendment was filed to the answer, without objection, which alleged in substance that if plaintiff's predecessor was in possession of the premises under an executory contract of purchase his failure to make the payments under the contract rendered him in default and the contract was terminated by defendant, hence, the occupancy of plaintiff's predecessor was without right.

The reply put in issue the affirmative allegations of defendant's answer.

All of the pleadings described the premises as a lot, 100 feet by 250 feet in section 7, township 17 north, range 15 west, in Missoula County.

The proof showed that Jack Hartney had a contract of sale from defendant covering the lot thus described in section 7, whereby he agreed to pay $300 for the premises by paying $30 per month. None of the payments were ever made. The contract was dated August 20, 1956. Hartney died on August 12, 1958. On March 26, 1958, defendant served notice of termination and cancellation of the contract on Hartney unless the payments were made within sixty days, pursuant to the terms of the contract.

The testimony of plaintiff related to a cabin which he occupied and which was located on section 8, and not on section 7, and it is the possession of this cabin that plaintiff seeks restitution, and plaintiff's proof as to damages related to his deprivation of possession of that cabin.

Defendant's testimony as to that cabin was in substance that Hartney occupied it with defendant's permission, without any rental and without any agreement as to the length of the term, and that either party to that agreement could terminate it at will. The day after Hartney's death, defendant installed a fence around the cabin and removed some of Hartney's personal belongings and placed them outside the enclosure. It is this action of which plaintiff complains.

The jury found the issues in favor of defendant and this appeal follows from the judgment entered on the verdict.

Plaintiff has submitted authorities relating to the reformation of a written instrument for mistake in the description of the property, but here there is no question of reformation involved. Plaintiff did not seek reformation of the contract, and that issue was not litigated or sought to be litigated.

Plaintiff, in reliance on sections 93-9701 and 93-9702, R.C.M. 1947, takes the position that one in peaceable possession of property may not be ousted of possession without resort to

legal remedies, and that title to the property cannot be litigated in this proceeding which he characterizes as an action in forcible entry and detainer. That these are the usual rules there can be no doubt.

This case presents features however which must be particularly alluded to. While title to property may not be questioned in an action of forcible entry and detainer, the right of possession may be inquired into and sometimes resort to the usual legal remedies is not imperative or the exclusive remedy to regain possession.

So far as the cabin is concerned, according to the evidence viewed in the light most favorable to defendant, in whose favor the verdict was rendered, Hartney was merely a tenant at will. 51 C.J.S. Landlord & Tenant § 159, p. 766; 32 Am., Jur., Landlord & Tenant, § 66, p. 81.

The relationship of landlord and tenant terminated on Hartney's death. R.C.M. 1947, § 42-110, and see 32 Am.Jur., Landlord & Tenant, § 67, p. 83; Dugand v. Magnus, 107 Cal. App. 243, 290 P. 309; Hancock v. Maurer, 103 Okl. 196, 229 P. 611; note in 68 A.L.R. 595, and cases there cited, and 1 Washburn on Real Property (6th ed.), § 771, p. 481.

The rule applicable here was well-stated in 1 Washburn on Real Property (6th ed.), p. 516, where it is said:

"* * * The more modern doctrine of the English courts is clearly in accordance with the opinion of Baron Parke, expressed in the following terms: 'I should have no difficulty in saying that where a breach of the peace is committed by a freeholder who, in order to get into possession of his land, assaults a person wrongfully holding possession of it against his will, although the freeholder may be responsible to the public in the shape of an indictment for forcible entry, *he is not liable to the other party.*' And the law, as generally adopted in the United States, may be assumed to be substantially as laid down by Baron Parke. If the owner of land wrongfully held by another enter and expel the occupant, but makes

use of no more force than is reasonably necessary to accomplish this, he will not be liable to an action of trespass *quare clausum,* nor for assault and battery, nor for injury to the occupant's goods, although, in order to effect such expulsion and removal, it becomes necessary to use so much force and violence as to subject him to indictment at common law for a breach of the peace, or under the statute for making forcible entry. In accordance with the foregoing propositions, the cases cited below seem fully to sustain the doctrine, that trespass will not lie in favor of a tenant by sufferance against his landlord for entering and expelling him from the premises, assuming, of course, that he uses no unnecessary force or violence in so doing.''

The rule is stated in the annotation in 45 A.L.R. 317, as follows:

''It is generally held that where the tenant's right of possession has terminated, and the landlord enters peaceably, as in the tenant's absence, he may maintain his possession by the use of such force as is reasonably necessary.''

Plaintiff contends that the court erred in refusing several of his proposed instructions. We have given consideration to these contentions and find them without merit. Some of the proposed instructions were not correct statements of the law, others contained matters covered by other instructions given. We hold that the jury was properly and adequately instructed and that there is no cause for reversal because of the instructions given or refused.

Other points have been urged by plaintiff, as grounds of reversal, and particularly as to whether error was committed in not allowing plaintiff to amend the complaint to include a prayer for exemplary damages against defendant. Since the jury found in defendant's favor, plaintiff has not been prejudiced by the court's refusal to allow the amendment.

Other contentions of plaintiff have been considered, and we find no cause for disturbing the verdict or judgment.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ADAIR and CASTLES concur.