[S. F. No. 861.   Department Two.—December 31, 1897.]

THOMAS C. STERRETT, Respondent, v. J. H. BARKER, Administrator, etc., Appellant.

ESTATES OF DECEASED PERSONS—POWER OF EXECUTOR OR ADMINISTRATOR TO BIND ESTATE—PERSONAL LIABILITY—REIMBURSEMENT.—The estate of a deceased person can neither be held liable in damages for a tort committed nor for a breach of contract entered into by an executor or administrator; nor can an executor or administrator create a debt against the estate, other than for funeral expenses and expenses of administration, or borrow money upon the credit of the estate, or create any obligation which will give a right of action against the estate, except when expressly authorized by the will or by statute; and, even when the executor is authorized to carry on business, the creditor must look to the executor personally, the right to hold the estate in such case being in the representative only; and on contracts made by executors or administrators for necessary matters relating to the estate, they are personally liable, and must see to it that they are reimbursed out of the assets.

ID.—INSUFFICIENT COMPLAINT AGAINST ESTATE—SALE OF SHEEP BY EXECUTRIX—LEASE TO EXECUTRIX—REFUSAL OF DELIVERY—DAMAGE—COUNT FOR MONEY PAID.—A complaint against an administrator of the estate of a testator, with the will annexed, setting forth that the property of the estate was given to the executrix in trust with power to sell, without obtaining an order of court, and that she, for a consideration paid by plaintiff, sold and agreed to deliver to plaintiff a band of sheep in her possession as executrix, and that plaintiff leased the same to the executrix, to be surrendered when called for, together with one-half of the increase and one-half of the wool produced, and alleging that the executrix resigned, and that defendant was appointed administrator with the will annexed, and took possession of the sheep and refused to deliver them on demand, and stating the value of the sheep, lambs, and wool, and the number of lambs, and that plaintiff's damage by the refusal of defendant to deliver the sheep and carry out the agreement concerning the sale and delivery of the sheep, and the increase thereof, and the wool therefrom, was the sum of two thousand and fifty dollars, states no cause of action against the estate, whether it be construed as suing for a conversion by the defendant, or for damages for breach of the contract entered into by the executrix; and a count for money received by the executrix, and paid, laid out, and expended by plaintiff for the benefit of the estate while she was executrix shows no liability on the part of the estate to the plaintiff.

ID.—ACTION AGAINST ADMINISTRATOR—EXCLUSION OF PERSONAL LIABILITY—IMPROPER AMENDMENT.—The only way in which an action can be brought against an estate is to sue the administrator or executor in his representative capacity, and the rule is, that he cannot be sued in

the same action upon his individual or personal liability, and in his representative capacity; nor can a complaint brought against him in his representative capacity be amended so as to constitute an action against the executor or administrator individually, as such amendment would be an entire change of the party defendant, and a different suit.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. R. McGarvey, Judge.

The facts are stated in the opinion of the court.

Seawell & Pemberton, for Appellant.

Crandall & Bull, for Respondent.

TEMPLE, J.—The questions involved in this appeal arise upon demurrer to the complaint and upon the contention that the judgment is not warranted by the findings. I think all these points are well taken.

The complaint contains two counts. In the first, after stating the death of the testator, the probate of the will, and appointment and qualification of the executrix, and that all the property of the estate was given to her in trust with power to sell without obtaining an order authorizing her so to do, it is averred that she, for a good and valid consideration to her in hand paid by plaintiff, sold and agreed to deliver to plaintiff five hundred of the best sheep of a band of eight hundred then in her possession as such executrix; and that shortly thereafter "plaintiff leased and let said five hundred sheep to said executrix upon the following terms: The said executrix agreed to take, care for, and keep said sheep so sold to said plaintiff as aforesaid, and when said plaintiff should call for the same agreed to surrender and deliver over to said plaintiff said five hundred head of sheep, together with one-half the increase thereof and one-half the wool produced by said sheep."

It is shown by the allegations that subsequently the executrix resigned and defendant was appointed administrator with the will annexed about April 1, 1896, and immediately took possession of the assets of the estate and of the sheep, including the number purchased by plaintiff.

It is then averred that plaintiff demanded from defendant the sheep, the increase, and wool, but that defendant refused to deliver the same; that the sheep were worth three dollars and fifty cents each, the lambs one dollar each, and that the sheep had produced three hundred dollars worth of wool and three hundred lambs, the full value being nineteen hundred dollars, and that plaintiff's damage, by the refusal of defendant to deliver the sheep and carry out the agreement concerning the sale and delivery of the sheep, and the increase thereof and the wool therefrom, is the sum of two thousand and fifty dollars.

An administrator, like a trustee of an express trust, can sue or be sued without joining his beneficiaries. The only way in which an action can be brought against an estate is to sue the administrator or executor in his representative capacity. The rule is that he cannot be sued in the same action *de bonis propriis* and *de bonis testatoris* or *intestatoris.*

It is agreed here that the action is against the estate. The pleader seems purposely to have left it doubtful whether he is suing for a conversion or for damages for a breach of a contract entered into by the executrix. In neither view, however, can the estate be held liable. The estate cannot be held liable for a tort committed by an administrator or executor. (*Eustace v. Johns,* 38 Cal. 3.) Nor can the estate be held liable in damages for the breach of a contract entered into by an executor. I doubt the power of the executrix to bind the estate by a contract for a future sale, even though the will authorized her to sell. This would not seem to answer the purpose in conferring the authority upon one whose only function is to pay debts and hold the property for final distribution. The power is given to facilitate administration, and not to enable the representative to carry on business. But even in the latter case, when the executor is authorized to carry on business, the creditor must look to the executor personally. The right to hold the estate is in the representative only. (See Schouler's Executors and Administrators, secs. 256, 257.)

If the sale was complete and the property belonged to the plaintiff, he could have brought suit against anyone who wrongfully detained it, and could thus have recovered his property. Had the defendant been sued individually he could have defend-

ed under his claim as executor. Had he failed, however, the judgment would have been against him and not against the estate.

In the second count it is charged that between the first day of April, 1895, and the first day of June, 1895, while Mahulda Catherine Angle was executrix, "she as such executrix, and the said estate of Rench Angle became indebted to plaintiff in the sum of one thousand dollars, on account of money received, paid, laid out, and expended for the benefit of said estate."

This allegation shows no liability on the part of the estate to plaintiff. The executrix had no power as such to create a debt against the deceased. "Indeed, the rule is that executors and administrators cannot, by virtue of their general powers as such, make any contract which will bind the estate and authorize a judgment *de bonis decedentis*. But on contracts made by them for necessary matters relating to the estate they are personally liable, and must see to it that they are reimbursed out of the assets." (Schouler on Executors and Administrators, sec. 256, and numerous authorities there cited.)

There are doubtless exceptions to this rule, such as funeral expenses, clerk's fees, etc., but neither an executor nor an administrator can borrow money on the credit of the estate. He cannot, except when expressly authorized by the will or statute, create an obligation which will give a right of action against the estate.

The findings do not follow either count in the complaint, but state a different cause of action. For the reasons above stated, however, it is plain that they do not state facts which would support a judgment against the estate. (See, also, *Austin v. Munro*, 47 N. Y. 360.)

This case also holds that the complaint cannot be amended so as to constitute an action against the executor individually. It would be an entire change of the party defendant, and a different suit.

The judgment is reversed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.