[No. 29. Second Appellate District.—July 1, 1905.]

## GEORGE RENWICK et al., Respondents, v. MARGARET GARLAND, as Executrix, etc., Appellant.

ESTATES OF DECEASED PERSONS—CONTRACT BY EXECUTRIX TO DRILL WELL—ESTATE NOT LIABLE.—In an action upon a contract by an executrix to drill a well on the property of the estate, it is error to order the judgment paid out of the assets of the estate. The rule is that executors and administrators cannot by virtue of their general powers as such make any contract which will bind the estate; but on contracts for necessary matters relating to the estate they are personally liable, and must see to it that they are reimbursed out of the assets.

ID.—COMPLAINT AND JUDGMENT AGAINST EXECUTRIX AS SUCH—AMENDMENT—WANT OF JURISDICTION.—Where the complaint and judgment are against the executrix, as such, payable out of the assets of the estate, the court has acquired no jurisdiction over the executrix in her personal capacity; and the proceedings cannot now be amended and a personal judgment against her entered.

APPEAL from a judgment of the Superior Court of San Bernardino County. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Otis & Gregg, and Charles E. Truesdell, for Appellant.

Hight & Swing, and Hight & Hight, for Respondents.

SMITH, J.—Appeal on judgment-roll, with bill of exceptions, from a judgment for the plaintiffs. The suit was brought to recover the balance due on contract made by the plaintiffs with the defendant, as executrix, by which plaintiffs agreed that they "would drill a well for defendant on the property of said estate in said county," etc.

The answer alleges the terms of the contract more specifically, and perhaps differently. But the court found that the contract was as alleged in the complaint, and that the same was fully performed according to its terms; and, as conclusions of law, that plaintiffs were entitled to recover the amount claimed in the complaint, with interest and costs, "and that said amount be paid to plaintiffs from the funds of the estate of said Richard H. Garland, deceased."

It is urged by the appellant that the findings of the court are not justified by the evidence; and also that a judgment against the estate cannot be maintained. The latter point, we think, must be sustained. " 'The rule is that executors and administrators cannot, by virtue of their general powers as such, make any contract which will bind the estate and authorize a judgment *de bonis decedentis*. But on contracts made by them for necessary matters relating to the estate they are personally liable, and must see to it that they are reimbursed out of the assets.' Schouler on Executors and Administrators, sec. 256, and numerous authorities there cited." (*Sterrett* v. *Barker,* 119 Cal. 495, [51 Pac. 695] ; *Melone* v. *Davis,* 67 Cal. 281, 282, [7 Pac. 703] ; *Eustace* v. *Jahns,* 38 Cal. 21; Code Civ. Proc., sec. 1582 et seq.; *Austin* v. *Munro,* 47 N. Y. 360.) The last case is cited by the court in *Sterrett* v. *Barker,* and it is said: "This case also holds that the complaint cannot be amended so as to constitute an action against the executor individually. It would be an entire change of the party defendant, and a different suit." And the same point is ruled in the case of *Van Cott* v. *Prentice,* 104 N. Y. 45, [10 N. E. 257]. These authorities, or rather the California case cited, seem to be conclusive of this case. We are not, indeed, prepared to hold that the complaint is not amendable, upon a proper showing, under section 473 of the Code of Civil Procedure, nor the contrary. But it seems to be at least clear that the court has acquired

no jurisdiction of Mrs. Garland in her personal capacity, and that the proceedings cannot now be amended and a personal judgment against her entered.

For these reasons the judgment must be reversed, and it is so ordered.

Allen, J., and Gray, P. J., concurred.

A petition for a hearing of this cause was denied by the district court of appeal on July 31, 1905.