# Herman Hartwig, Defendant in Error, v. Ferdinand Knapwurst and Charles F. Nelson, Plaintiffs in Error.

## Gen. No. 18,115.

1. APPEALS AND ERRORS—*where instruction is not objected to.* An instruction is not preserved for review where no objection was raised in the lower court.

2. NEGLIGENCE—*duty of driver to pedestrians.* The rainy condition of the weather with which pedestrians may have to contend requires greater vigilance on the part of a driver of a motor wagon when approaching a street intersection.

3. NEGLIGENCE—*duty of driver to keep motor power under control.* The driver of a motor wagon is under duty to keep his motor power under such control that he will not run into one crossing the street with ordinary care.

4. EVIDENCE—*whether speed is dangerous, question of fact.* In an action for damages from being struck by a motor wagon, it is a

question of fact for the jury whether the speed, though not great, was dangerous.

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1911.   Affirmed.   Opinion filed March 25, 1913.

LOUIS BRANDES, for plaintiffs in error.

PHILIP H. TREACY, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff, an elderly and feeble man, was run into and knocked down at night by defendants' motor wagon while it was being driven south on Clark street, and he was crossing from the west to the east side thereof at its intersection with another street.   The negligence charged was that the wagon was being driven at a reckless and high rate of speed and without sounding a horn or giving other warning of its approach.   Defendants denied the charge and claimed the accident was due to plaintiff's negligence.   Plaintiff was pulled out from under the wagon and found to have a scalp wound and several bruises, from which he was laid up so as to be unable to resume business for some weeks.   The verdict and judgment were for $450.

The only matter urged for our consideration, aside from the sufficiency of the evidence is that the court improperly instructed the jury as to liability for future damages.

We think the instruction was proper, but were it not, the question is not preserved for review as no objection was raised to the instruction.

We think the evidence is sufficient to warrant the verdict.   The night was dark and rainy with wind from the northeast.   Plaintiff held an umbrella and was following his wife across the street.   The evidence tends to show that he looked for vehicles as he entered on the street and was run down while on the car track over

which his wife had just passed in front of him. There was nothing to prevent the driver from seeing them, and the conditions of weather against which pedestrians had to contend were such as to require greater vigilance on his part in approaching where pedestrians had the right and might be expected to cross. It was his duty to keep his motor power under such control that he would not run into one exercising such right with ordinary care. There was nothing to indicate that plaintiff was not going to continue along after his wife. Counsel for appellants concedes the wagon was going at the rate of six or eight miles an hour, and there was evidence tending to show that the driver was in a hurry and did not sound his horn. It was a question of fact for the jury, whose decision we are not disposed to disturb, whether the speed, though not great, was not dangerous under the circumstances of the time and place.

The judgment will be affirmed.

*Affirmed.*