MARY L. DODGE, ADMINISTRATRIX, *vs.* STEPHEN TOTH.

First Judicial District, Hartford, May Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

The plaintiff's intestate while walking along the highway at night was struck and killed by the defendant's automobile going in the same direction. The jury returned a verdict for the plaintiff, which the trial court set aside upon the grounds that the evidence did not warrant a conclusion either of negligence upon the defendant's part, or of due care upon the part of the decedent. *Held* that the

Dodge *v.* Toth

conclusions reached by the jury were based upon sufficient evidence, and that the plaintiff was entitled to judgment upon the verdict as rendered.

Argued May 11th—decided June 10th, 1920.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the negligence of the servant of the defendant in the operation of his automobile, brought to the Superior Court in Hartford County and tried to the jury before *Burpee, J.;* verdict for the plaintiff for $5,000, which the court, upon motion of the defendant, set aside as against the evidence, and from this decision the plaintiff appealed. *Error: judgment to be entered on the verdict for the plaintiff.*

*Edward L. Smith* and *Robert P. Butler,* for the appellant (plaintiff).

*Joseph P. Tuttle* and *Francis E. Jones,* for the appellee (defendant).

PER CURIAM. The plaintiff's intestate, a young man twenty years of age named Dodge, was killed as he was proceeding eastward on the main highway between Unionville and Farmington. He was returning home from Unionville, whither he had gone on a household errand, and was walking on the worked and traveled portion of the highway used by teams, motors and pedestrians alike. There was no sidewalk at the point of accident, or other facilities for travel on foot, and pedestrians were accustomed to use the traveled roadway, nineteen feet in width, for that purpose. It was dark at the time, and the road was slippery from a recently formed ice crust. He was killed by being struck by an automobile owned by the defendant and driven by his son and servant, which was traveling

in the same direction as the decedent. The automobile was a seven passenger touring car, having at the time nine adult persons in it, four of them occupying the front seat, and was not equipped with non-skid chains. Such was the undisputed evidence. The testimony as to the automobile's speed at the time was such as to reasonably justify a finding that it was going at the rate of thirty miles or more per hour.

The verdict was set aside upon the ground that the jury could not upon the evidence reasonably have arrived at either the conclusion that the defendant's servant was negligent in his operation of the car, or one that the intestate himself was in the exercise of due care.

We think that the court was palpably mistaken in the first of these propositions, and that the jury could reasonably have found negligence in the operation of the car upon the evidence as to its speed, taken in connection with the other conditions of darkness, slippery roadway, overcrowded car, absence of chains, and the possibility of overtaking or meeting pedestrians, all shown by the undisputed evidence.

As respects the court's second conclusion, that the plaintiff failed to show her intestate's freedom from negligence, its memorandum accompanying its grant of the motion to set aside the verdict brings into bold relief the considerations prompting its action. Only one witness testified to observations of the deceased's conduct immediately prior to his being hit. This witness, named Butler, was one of the occupants of the automobile. His testimony was interpreted by the court, and perhaps correctly, as showing that Dodge was walking on his left-hand side of the road. With this interpretation in mind, the court said that the plaintiff offered no evidence in support of her allegation that the deceased was walking on his right-hand side

of the highway, and furthermore, that if the jury disbelieved Butler, as they were privileged to do, the result would be that the case would be barren of evidence tending to show due care on the part of Dodge. Underlying this statement of reasons is a serious disregard of the existence or importance of the physical facts in evidence attending the accident which the plaintiff relied upon, and had the right to rely upon, to show that Dodge was without fault. The defendant's witnesses, occupants of the car, testified that it was running on the southerly or its right-hand side of the roadway; that as soon as Dodge was discovered the brakes were applied and the car turned sharply to the right to escape him, thereby directing it upon and across the trolley-car tracks, which were on the immediate right of the traveled way; that the car then skidded some twelve or fifteen feet, and then, having reached a position astride of and at right angles with the rails, turned over, pinning Dodge under it and between the trolley rails where he was found. These facts naturally lead quite irresistibly to the conclusion that the intestate was walking on his right-hand side of the road when he was struck by the car coming from behind. If the testimony of Butler was out of the case as either not given or not credited, there could be no doubt of the jury's right in the exercise of reason to find that Dodge was not guilty of imprudent conduct. And furthermore, the facts surrounding and attending the accident were worthy of serious consideration as bearing upon the credit to be given to the testimony of Butler. The court, we think, made a fundamental mistake in treating this witness' testimony as the sole source of the jury's information as to where Dodge was walking, and what his conduct was, and in holding that without his testimony there was an entire absence of evidence bearing upon these subjects.

Our review of the record satisfies us that the verdict rendered was one which the jury could reasonably have returned, and that the court erred in setting it aside.

There is error, the judgment is set aside and the cause remanded for the rendition of judgment in accordance with the verdict.