[Civ. No. 4460. First Appellate District, Division One.—February 19, 1923.]

## EDWIN BLOOM, etc., Appellant, v. WILLIAM ALLEN et al., Copartners, etc., Respondents.

[1] NONSUIT—INTERPRETATION OF EVIDENCE.—A motion for a nonsuit admits the truth of plaintiff's evidence and every inference which can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant.

[2] NEGLIGENCE—SKIDDING OF AUTOMOBILE STAGE—INJURY TO PEDESTRIAN—IMPROPER NONSUIT.—In this action for personal injuries received by the plaintiff while standing about eight feet from the road awaiting the arrival of defendant's automobile stage, a nonsuit was improperly granted, in view of the evidence that the stage at the time of the accident was being driven at a high rate of speed down a declivity approaching a bridge, which was both wet and slippery, and that when the car reached the end of the bridge it skidded violently and a sufficient distance to strike the plaintiff.

[3] ID.—INJURY TO PEDESTRIAN—LIABILITY OF COMMON CARRIER.—Carriers are liable for injuries inflicted upon pedestrians as the result of the negligent operation of their vehicles.

[4] NONSUIT—WHEN IMPROPER.—A nonsuit is improperly granted if there is sufficient evidence to go to the jury upon any cause of action set forth in the complaint.

APPEAL from a judgment of the Superior Court of Mendocino County. J. Q. White, Judge. Reversed.

The facts are stated in the opinion of the court.

Keith C. Eversole for Appellant.

M. H. Iversen for Respondents.

TYLER, P. J.—Appeal from a judgment on nonsuit and from an order denying a motion for a new trial in an action for negligence caused by the alleged unskillful operation of an automobile driven by an employee of defendants,

---

2. Liability for negligent injury to pedestrian by automobile while skidding, notes, 5 A. L. R. 1246; 38 L. R. A. (N. S.) 495.

who are copartners doing business under the firm name
of Allen & Doxsee, and also under the firm name and
style of the Coast Line Freight and Stage Company. The
occupation of the firm is that of carrying and transporting
passengers for hire between the cities of Fort Bragg and
Point Arena in the county of Mendocino, and between
intermediate points to Cazadero, in the county of Sonoma.
The evidence shows that on November 23, 1918, one of the
stages, as was its custom, tied up at a place called Green-
wood for the night. The stage so tied up was sometimes,
and as a part of respondent's business, utilized for short
runs or special trips to neighboring points. Upon the eve-
ning of the day mentioned, and upon which the accident
complained of occurred, the stage regularly arrived at
Greenwood. Arrangements had been made several nights
previously for the transportation of several young men,
one of whom was the plaintiff, to Point Arena. A charge
of sixteen dollars for the trip had been agreed upon be-
tween the driver and the group, which was neither de-
manded nor paid. Pursuant to this arrangement the stage,
operated by the regular driver of the company, proceeded
on its journey, and when some distance out of Greenwood
and at the end of a long bridge a slide was encountered in
the road, which completely blocked the traffic and made
passage impossible until such time as it was removed.
Being confronted with this situation the driver turned the
stage around, concluding to return to Greenwood. It was
then suggested to him by some of the party that they would
procure shovels and remove the slide. The driver agreed
to resume the journey if this result was attained. The
obstruction having been removed by the passengers, two of
them walked back to Greenwood and informed the driver
of the stage that the road was clear and open. The driver
stated that it was too late to make the journey, but he
agreed to return to the point where the road had been
obstructed and bring the other passengers back to Green-
wood, and accordingly set out in the stage upon this mis-
sion, accompanied by the two young men who had walked
in. In approaching the point where the slide had oc-
curred it was necessary to cross a bridge of considerable
length. The road was muddy and the bridge was wet
and slippery    There is also evidence to show that the stage

came down a hill approaching the bridge at a rapid rate of speed and that it crossed the same in a like manner. As the stage drew near the young men awaiting its arrival had walked out to meet it, and were seated or standing by the bridge railing as it approached them, plaintiff being one of their number. The rate of speed at which the stage was traveling was sufficient to convince the persons waiting that their position on the bridge was dangerous, and they turned back and ran toward the end of the bridge. Plaintiff reached that point and proceeded down an old road some eight feet from the edge of the traveled one. Concluding that he had reached a place of safety but still running he turned his head to ascertain the position of the stage. At about this moment the car reached the end of the bridge, at which point the road crossed sharply to the right. It skidded violently, the rear end thereof striking plaintiff on the head, seriously injuring him.

At the conclusion of this evidence defendants moved for a nonsuit upon the grounds, first, that the evidence showed no negligence upon the part of the defendants which contributed in any manner to the accident; second, that the relation of passenger and carrier did not exist in the case; and upon the further ground that contributory negligence on the part of the plaintiff caused the injury complained of. Judgment of nonsuit was granted upon the ground that the relation of passenger and carrier did not exist and that there was no negligence shown. Plaintiff appeals from such judgment.

We are of the opinion that the trial court committed error in granting the motion.

[1] The court's power and limitations with reference to the granting of a nonsuit are clear and well defined. The motion admits the truth of plaintiff's evidence and every inference which can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant. (*Stieglitz* v. *Settle*, 175 Cal. 131 [165 Pac. 436]; *Goldstone* v. *Merchants' Cold Storage Co.*, 123 Cal. 625 [56 Pac. 776]; *Estate of Arnold*, 147 Cal. 583 [82 Pac. 252].) [2] Here there is evidence to show that at the time of the accident the car which caused the accident was driven at a high rate of speed

down a declivity approaching the bridge, which was both wet and slippery. In addition to direct testimony that it was traveling too fast for safety, and as a circumstance indicating its speed, the car when it attempted to negotiate the turn to the right skidded violently and a sufficient distance at least to strike the plaintiff, who was some eight feet away from the road. These facts were clearly sufficient to have been submitted to the jury for its determination whether they constituted negligence, and plaintiff as a matter of law was entitled to have the jury pass upon the question.

It is urged by the respondents that the mere fact that the car skidded is not of itself evidence of negligence. Assuming this to be true, as above pointed out there is other evidence tending to show that the skidding was caused through the negligent operation of the vehicle.

[3] Under what circumstances the relation of passenger and carrier may still exist in the performance of the contract of carriage temporarily suspended due to a washout is a question which has received the attention of the courts. (See 4 Cor. Jur. 629; 4 R. C. L. 1043; *Killmeyer v. Wheeling Traction Co.*, 72 W. Va. 148 [48 L. R. A. (N. S.) 683, 77 S. E. 908].) Here, however, whether plaintiff be viewed as a passenger or a pedestrian the result must be the same, for, assuming the evidence above stated to be true, defendants failed not only to use that high degree of care required of them as carriers, but they likewise failed to exercise even that degree of care incumbent upon them toward the public generally. Carriers are liable for injuries inflicted upon pedestrians, as the result of the negligent operation of their vehicles. We are not called upon, therefore, to discuss or decide the question whether or not plaintiff was a passenger at the moment of his injury, as this question is only important as fixing the degree of care required of defendants.

[4] As above indicated, a nonsuit is improperly granted if there is sufficient evidence to go to the jury upon any cause of action set forth in the complaint. The complaint in this case shows a cause of action in favor of plaintiff at least as a pedestrian, and the evidence fully supports the same. This being so, it follows that the judgment should be, and it is hereby, reversed.

Richards, J., and St. Sure, J., concurred.