[Civ. No. 4992. First Appellate District, Division Two.—June 17, 1925.]

## SOUTHERN PACIFIC COMPANY (a Corporation), Appellant, v. ELSIE ANN SWANSON, Respondent.

[1] Nonsuit—Construction of Evidence—Inferences.—The motion for a nonsuit admits the truth of plaintiff's evidence and every inference which can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant.

[2] Landlord and Tenant—Action to Recover Rent—Reasonable Value—Evidence—Nonsuit.—In this action to recover a sum of money alleged to be due as rent of a certain store that had been leased to defendant's husband, the trial court erred in granting defendant's motion for a nonsuit, as the only logical and reasonable inference that could be drawn from plaintiff's evidence was that there was both an express and an implied personal obligation on the part of defendant to pay the value of the use · and occupation of the premises.

[3] Id.—Express Obligation to Pay Rent.—Where, following the death of her husband, defendant promised plaintiff's agents that she would pay the rent of the store "when the merchandise was sold, or out of the first money received by her as executrix," and plaintiff accepted these promises and allowed her to remain in possession of the store, the relation of landlord and tenant was created between plaintiff and defendant, and the latter was under express contract to pay the rent.

[4] Id.—Occupancy of Store—Implied Obligation.—The occupancy of the store premises by defendant, following the death of her husband (the lessee), created an implied obligation upon defendant to pay a reasonable rental, without any express agreement to that effect.

[5] Id. — Lease for Fixed Term — Death of Lessee — Liability of Estate.—The lease to defendant's husband having been for a fixed term, which extended until some six months after his death, it did not terminate upon his death, but his estate became liable

---

1. See 9 Cal. Jur. 551.

4. Implied obligation to pay rent, note, 46 Am. Dec. 289. See, also, 15 Cal. Jur. 713; 16 R. C. L. 910.

5. Effect of death of lessee, notes, 13 L. R. A. 598; 23 L. R. A. 707; 45 L. R. A. (N. S.) 350. See, also, 16 R. C. L. 1099.

for the payment of the rent for the remainder of the term of the lease, to be collected as any other claim against the estate.

[6] ID.—SEPARATE LIABILITY OF EXECUTORS—SUIT FOR RENT—PARTIES. The liability of the estate of the lessee having been entirely different and distinct from the liability of the executrix of his estate, it was perfectly proper to sue the executrix personally for the reasonable value of the use and occupation of the premises by her after her husband's death, notwithstanding the lease did not end upon such death.

[7] ID.—USE OF PREMISES BY EXECUTRIX—PERSONAL LIABILITY.—The fact that defendant's use and occupation of plaintiff's premises was as executrix of the estate of her deceased husband (the lessee) and for the benefit of said estate did not relieve defendant of personal liability, as an executrix is personally liable on all her contracts, although she is acting in a representative capacity and such contracts are made for the benefit of the estate.

[8] ID. — RIGHT TO SUE DEFENDANT IN REPRESENTATIVE CAPACITY. — Under her general powers as executrix defendant could not make any contract which would bind the estate and authorize a judgment *de bonis decedentis;* and, therefore, plaintiff could not maintain an action against defendant in her representative capacity, except upon a proper claim duly presented for rent under the original lease.

[9] ID.—DEBTS OF DECEASED—LIABILITY OF ESTATE—REIMBURSEMENT OF EXECUTRIX.—The assets of an estate are primarily bound for the debts which the deceased himself contracted during his lifetime, and not those contracted by his administrator or executor; and the fact that his executrix intends, in good faith, to create a debt against his estate for the rental of premises used by her does not have that effect, but only binds her individually, and she in turn must look to the assets of the estate under her control to indemnify her for incurring the obligation.

[10] ID.—ORAL PROMISE TO PAY RENT—ORIGINAL OBLIGATION—WRITING UNNECESSARY.—The oral promise of defendant to pay the rent of the store while occupied by her from the proceeds of the sale of the stock of merchandise was not a promise to answer for the debt of the testator, but was an original obligation of defendant, incurred after the death of the testator and growing

7. Individual liability of executor on contracts, notes, 42 L. R. A. (N. S.) 57; Ann. Cas. 1913C, 396. See, also, 11 Cal. Jur. 1048; 11 R. C. L. 167.

10. Oral contract of executor as affected by statute of frauds, note, Ann. Cas. 1913C, 396. See, also, 11 Cal. Jur. 1050; 11 R. C. L. *196.*

out of the relation of landlord and tenant between plaintiff and defendant; and, therefore, such promise was not void under section 1612 of the Code of Civil Procedure.

(1) 38 Cyc., p. 1551, n. 62, 63, p. 1553, n. 90. (2) 24 C. J., p. 147, n. 76. (3) 24 C. J., p. 148, n. 82 New. (4) 39 Cyc., p. 852, n. 12. (5) 24 C. J., p. 147, n. 69, p. 148, n. 82 New; 35 C. J., p. 1053, n. 17; 36 C. J., p. 371, n. 38. (6) 24 C. J., p. 148, n. 82 New. (7) 24 C. J., p. 63, n. 7. (8) 24 C. J., p. 64, n. 8. (9) 24 C. J., p. 63, n. 7. (10) 27 C. J., p. 134, n. 15.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge. Reversed.

The facts are stated in the opinion of the court.

H. W. Hobbs for Appellant.

Richard S. Flaherty for Respondent.

PRESTON, J., *pro tem.*—The plaintiff, Southern Pacific Company, a corporation, brought this action to recover from defendant, Elsie Ann Swanson, $1,350, alleged to be due it as rent for a certain store building at 36 Steuart Street, San Francisco. The case was tried by the court without a jury, and at the conclusion of plaintiff's case, defendant made a motion for a nonsuit, which was granted. Judgment for defendant followed; from this judgment the plaintiff prosecutes this appeal.

The facts developed at the trial are these: In August, 1917, Charles J. Swanson, the husband of the defendant, Elsie Ann Swanson, entered into a written lease with the Southern Pacific Company for a store building situated at 36 Steuart Street, San Francisco, for the term of five years, ending August 31, 1922, at a monthly rental of $150. The premises were used by Charles J. Swanson for a general merchandise store up to the time of his death, which occurred February 26, 1922. Within a very few days after his death special letters of administration upon his estate were issued to one W. H. Stark, who demanded possession of the premises and then and there took possession of the premises and the stock of goods therein. He remained in possession as such special administrator until some time in

March, 1922, when the defendant, Elsie Ann Swanson, was appointed executrix of the last will and testament of decedent. Mrs. Swanson, after her appointment as executrix, took possession of the premises and the merchandise. She did not attempt to conduct the business, but used the building as a storage place for the stock of goods, and remained in possession of the building during the remainder of the term of the lease, which, as above stated, expired August 31, 1922, and thereafter holding over for the months of September, October and November, 1922. The stock of goods was inventoried during this time and Mrs. Swanson finally sold them at auction on the premises.

Many personal demands were made by plaintiff's agents upon Mrs. Swanson for the rent during the time that she occupied the premises, and in addition to this, each month during the same period, the plaintiff mailed her statements or bills for the rent at the rate of $150 per month. These statements were made in the name of Charles J. Swanson. In response to these demands for rent from plaintiff, Mrs. Swanson stated to its representatives that she would pay the rent out of the proceeds of the sale of the merchandise when sold. The attorney for plaintiff, in charge of the collection department, also made efforts to collect the rent and was informed by Mrs. Swanson's attorney that it was necessary for the estate to retain possession of the premises, and that he would use his best endeavors to have the rent paid as an expense of administration. In pursuance of this last suggestion, a petition was filed jointly by Mrs. Swanson and plaintiff, asking the probate court to allow the rent as an expense of administration. This petition for some reason, not shown by the record, was denied by the court.

The plaintiff, relying upon these promises, refrained from serving notice to oust Mrs. Swanson from the premises and terminate the lease, but permitted her to remain there from March, 1922, to some time after November 1, 1922, when she vacated the premises, after disposing of the stock of merchandise. The rent was not paid. A claim against the estate for the rent due at the time of the death of Charles J. Swanson was presented and allowed and paid, but no claim for the rent following his death was presented. The estate is wholly insolvent.

After many unsuccessful attempts by the plaintiff to collect its rent, the present action against Mrs. Swanson, individually, was commenced on April 19, 1923. Plaintiff seeks to recover, at the rate of $150 per month, rent for the premises from March to November, 1922, inclusive, which covers the period that Mrs. Swanson was in possession of the store after the death of her husband. Testimony was also given that $150 was a reasonable rental per month for the premises during this time.

After witnesses produced by plaintiff had testified to the foregoing facts, and plaintiff had rested its case, Mr. Wilson, attorney for defendant, made the following motion: "If the Court please, the defendant moves for a nonsuit on the ground that it is not shown that any contract was ever entered into between the Southern Pacific Company and Elsie Ann Swanson as an individual; that it is not shown that Elsie Ann Swanson at any time has occupied these premises as an individual or that she has ever guaranteed the payment of this money personally, or that any of the allegations of this complaint have been proven in this case." The record does not reveal the ground upon which the motion was granted; all that is shown is "thereafter and upon the 14th day of January, 1924, the Court made and entered its order granting defendant's motion for nonsuit herein."

We are of the opinion that the trial court erred in granting the motion. The court's power and limitations with reference to the granting of a nonsuit are clear and well defined. [1] The motion admits the truth of plaintiff's evidence and every inference which can be legitimately drawn therefrom, and upon such motion the evidence should be interpreted most strongly against the defendant. (*Steiglitz* v. *Settle,* 175 Cal. 131 [165 Pac. 436]; *Goldstone* v. *Merchants Cold Storage Co.,* 123 Cal. 625 [56 Pac. 776]; *Estate of Arnold,* 147 Cal. 583 [82 Pac. 252]; *Bloom* v. *Allen,* 61 Cal. App. 28 [214 Pac. 481].)

[2] After a careful examination of all the evidence in this case, with the above well-established rules of law in mind, it seems to us that the only logical and reasonable inference to be drawn therefrom is that there is both an express and an implied personal obligation on the part of Mrs. Swanson to pay the value of the use and occupation of those premises. [3] Her express contract to pay rent is

gathered from the uncontradicted testimony that she made the direct promise to plaintiff's agents to pay the rent "when the merchandise was sold, or out of the first money received by her as executrix." Plaintiff accepted these promises and allowed her to remain in possession of the store, thereby creating the relation of landlord and tenant, which relation existed during all of the time for which plaintiff claims rent in this action. [4] Her implied obligation to pay a reasonable rental arises from the mere occupancy as tenant of the premises, without· an express agreement to that effect. (Tiffany on Real Property, 2d ed., vol. II, sec. 414; *Samuels* v. *Ottinger,* 169 Cal. 209 [Ann. Cas. 1916E, 830, 146 Pac. 638].)

[5] The lease did not, however, terminate upon the death of Charles J. Swanson, but his estate became liable for the payment of the rent for the remainder of the term of the lease, to be collected as any other claim against it. (*Shepperd* v. *Tyler,* 92 Cal. 552 [28 Pac. 601].) The estate's liability arises out of privity of contract, based upon the lease from plaintiff to Charles J. Swanson. The defendant's liability to pay plaintiff the reasonable value of the use and occupation of said premises, while she occupied them, arises out of the privity of estate thereby created and entirely apart from the lease itself.

[6] The liability of the estate of Charles J. Swanson under the lease is one thing; the liability of Mrs. Swanson under the evidence in this case an entirely different and distinct thing. It was, therefore, perfectly proper to sue Mrs. Swanson personally for the reasonable value of the use and occupation of said premises, notwithstanding the fact that the lease did not end upon the death of Charles J. Swanson. (*Bonetti* v. *Treat,* 91 Cal. 223 [14 L. R. A. 151, 27 Pac. 612]; *Schehr* v. *Berkey,* 166 Cal. 157 [135 Pac. 41].)

[7] It must be conceded, as contended by respondent, that her use and occupation of appellant's premises was as executrix of the estate of Charles J. Swanson and for the benefit of said estate, but this alone would not relieve her of personal liability, for it is well settled law in this state, and in many other jurisdictions, that an executrix is personally liable on all her contracts, although she is acting in a representative capacity and such contracts are made for the benefit of the estate. [8] It is likewise well estab-

lished that plaintiff could not maintain this action against the defendant in her representative capacity (except upon a proper claim duly presented for rent under the original lease) ; for under her general powers as executrix she could not make any contract which will bind the estate and authorize a judgment *de bonis decedentis*.  (Schouler on Executors and Administrators, sec. 256; 3 Woerner on Administration, sec. 356; *Sterrett* v. *Barker,* 119 Cal. 495 [51 Pac. 695]; *Melone* v. *Davis,* 67 Cal. 281 [7 Pac. 703]; *Eustace* v. *Jahns,* 38 Cal. 21; sec. 1582, Code Civ. Proc.; *Austin* v. *Munro,* 47 N. Y. 360; *McKee* v. *Hunt,* 142 Cal. 526 [77 Pac. 1103]; *Briggs* v. *Breen,* 123 Cal. 657 [56 Pac. 633, 886]; *Renwick* v. *Garland,* 1 Cal. App. 237 [82 Pac. 89].)

[9] Mrs. Swanson no doubt intended, in good faith, to create a debt against the estate for the rental of this store, but the effect of such attempt was not to bind the estate, but to bind her individually, and she in turn must look to the assets of the estate under her control to indemnify her for incurring this obligation.  (*Renwick* v. *Garland, supra.*) The assets of an estate are primarily bound for the debts which deceased himself contracted during his lifetime, and not those contracted by his administrator or executor. (Schouler on Executors and Administrators, sec. 256; *Austin* v. *Munro, supra.*)

[10] It is contended by respondent that no individual liability attaches by her oral promise to pay the rent from the proceeds of the sale of the stock of merchandise, for this would be in effect a special promise to answer for the debt of her testator, which must be in writing, and cites section 1612 of the Code of Civil Procedure.  This contention is erroneous; section 1612, Code of Civil Procedure, has no application under the facts of the case at bar, because, as we have already seen, this is not an action upon the lease itself, and not, therefore, a debt of Charles J. Swanson, but an original obligation of Mrs. Swanson, incurred after his death and growing out of the relation of landlord and tenant.

From the conclusions that we have reached in this case, it is unnecessary to pass upon the other grounds urged by appellant for a reversal of the judgment.

It follows, therefore, that the motion for a nonsuit should have been denied and the defendant put to her proofs.

Judgment reversed.

Langdon, P. J., and Nourse, J., concurred.