THE STATE BANK OF ORLANDO & TRUST COMPANY, a Corporation, and W. H. TUNNICLIFFE, as Liquidator of the State Bank of Orlando & Trust Company, an Insolvent Banking Corporation, *Plaintiffs in Error*. vs. CUMMER LUMBER COMPANY, a corporation, *Defendant in Error*.

141 So. 602.

Division B.

Opinion filed May 17, 1932.

Petition for rehearing denied May 25, 1932.

H. M. *Voorhis* and J. R. *Wells*, for Plaintiff in Error; *Martin H. Long*, for Defendant in Error.

TERRELL, J.—In April, 1926, plaintiff in error was appointed administrator of the estate of A. J. Nye, deceased. Subsequent to this appointment plaintiff in error was placed in the hands of W. L. Tilden who in turn was succeeded by W. H. Tunnicliffe as liquidator. The record discloses that by order of the Circuit Court of Orange County, plaintiff in error was authorized to continue to conduct the trade and business of A. J. Nye, deceased. Pursuant to

said order plaintiff in error took in charge and continued the business of A. J. Nye under the management of H. H. Hancock.

One asset of the estate of A. J. Nye was a packing house in the conduct of which H. H. Hancock as manager for plaintiff in error ordered crate material from defendant in error to the aggregate value of $18,532.63, on which plaintiff in error paid $7,018. 75, leaving a balance due of $11,513,88. This action was instituted by defendant in error as plaintiff in the court below against plaintiff in error as defendant to recover the balance due on said account. The declaration was in the common counts and the issues were made on the plea of "never was indebted." At the conclusion of all the testimony motion for an instructed verdict for the plaintiff was granted and the jury returned its verdict for the amount shown to be due on the account with interest, same being $13,890.86. Judgment was entered on the verdict and writ of error was taken to the judgment.

Several errors are assigned but all may be sublimated into this question.: May the State Bank of Orlando & Trust Company be held personally responsible for the account as heretofore stated, there being no showing of fraud, deceit, or assumption of personal liability.

The facts as stated in this opinion were not controverted. Counsel for both parties to the cause agree that at common law an administrator who continues the business of a decedent is individually responsible for the obligations of the estate made by him for which he may be indemnified out of the assets of the estate, but appellant contends that an administrator carrying on the business of a deceased person under our statute, Sections 3741 to 3745 Revised General Statutes of 1920 (Sections 5614 to 5618 Compiled General Laws of 1927) is to all intents and purposes a statutory receiver acting under order of court and therefore occupies

a different status from that of an executor carrying on a business by direction of the testator.

Sections 3741 to 3745 Revised General Statutes of 1920 (Sections 5614 to 5618 Compiled General Laws of 1927) in effect provide that the business of a deceased person may on proper showing be carried on for a reasonable time by the legal representative under order of the Circuit Court, the legal representative to give such additional security as the court may require. The order of the court continuing the trade or business of the deceased shall authorize the legal representative, in his representative capacity, ''to make such contracts as may be necessary to carry on said trade or business, and to incur debts and to pay out money in the proper conduct of such trade or business, and the net profits of such trade or business only shall be assets of the said estate.'' In the conduct of such trade or business the legal representative is required to keep full and accurate accounts of all receipts and expenditures and to make monthly reports thereof to the Circuit Judge. He may be allowed such compensation as the judge shall deem reasonable.

It may be that compliance with the terms of these statutes converts the representative of the deceased in the conduct of his business, into a statutory receiver acting under order of the court which would relieve him of personal liability under the facts stated in this case, but since the record is silent as to whether or not the terms of the statutes were complied with by the administrator that question is not properly presented for adjudication.

It is shown and not disputed that plaintiff in error was appointed administrator of the estate, and was authorized to continue to conduct the business of the deceased, that defendant in error extended the credit to the estate, that it was in part paid for by plaintiff in error as representative of the estate, and that the business of the estate was carried

on by plaintiff in error through its agent, but the record is silent as to whether it was carried on as contemplated and required by the statute, pursuant to order of the Court.

In this state of the record we are of the view that plaintiff in error was personally liable for the amount of the judgment secured against it. An executor is not bound to carry on the trade or business of a deceased person although directed by will or empowered by statute to do so but if he does elect to carry it on as the record here indicates, he incurs the hazard incident thereto, the contracts of the business are his personal contracts, and although contracted by him as executor or representative they bind him individually and not the estate which he represents. Ex Parte Garsand 10 Ves. Jr. 110; Wade vs. Pope 44 Ala. 690; Foxworth vs. White 72 Ala. 224; Pitkin vs. Pitkin 7 Conn. 307, 18 Am. Dec. 111; Sterrett vs. Barker 119 Cal. 492, 51 Pac. 695; Campbell vs. Faxon 73 Kan. 675, 85 Pac. 760; Woerner's American Law of Administration 3rd Edition 1050, 11 R. C. L. Section 147; Fridenburg vs. Wilson, 20 Fla. 359; Brickell vs. McCaskill, 90 Fla. 411, 106 So. 470.

Since the matter of conducting the trade or business of a decedent by his executor is purely optional with the executor it would seem that if he elects to do so that he would likewise have his election to proceed individually or under the statute and since there is no suggestion here that any protection the statute may afford was availed of we must assume that the business of the deceased involved in the instant case was conducted individually.

For the reasons announced in this opinion the judgment below is affirmed.

Affirmed.

WHITFIELD, P. J., AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.