## PURITY ICE CREAM CO. v. MORGAN.

No. 27614. Sept. 14, 1937.

M. C. Rodolf, Joe B. Houston, and Parke Davis, for plaintiff in error.

Mills & Cohen, for defendant in error.

RILEY, J. The Purity Ice Cream Company, defendant below, appeals from a judgment in the sum of $2,500, rendered against it, and in favor of Elmer Morgan, plaintiff below. The cause of action is one for damages for personal injuries sustained by plaintiff as the result of an automobile collision.

On January 29, 1936, the streets of the city of Tulsa were covered with ice and snow. Peoria street in Tulsa runs north and south, while King street, intersecting, runs in a general east and west direction. Both streets are paved, but King street is very narrow and the center surface of it is higher than ordinary; from its crown in the center it slopes downward toward the curbs.

On the date mentioned the plaintiff, Morgan, drove his car west on King street to a point approximately 40 feet east of the intersection of Peoria street. There plaintiff stopped his car and parked it about two feet from the north curb. He was having motor trouble. He filled the vacuum tank of his motor, and was in the

act of lowering the hood of his automobile when a truck, operated by Jack Sims, an employee of the defendant, Purity Ice Cream Company, collided with plaintiff's car and pinned plaintiff between his car and the curb.

The defendant's truck had been driven north on Peoria street at the rate of about 15 miles per hour. As it turned into King street the rate of speed was reduced to that estimated from six to ten miles per hour.

The plaintiff, Elmer Morgan, sustained, as a result of the accident, a fractured right ankle and permanent injuries. He suffered great pain. There is no contention that the damages allowed are excessive.

It is contended that defendant's demurrer to plaintiff's evidence should have been sustained, and that a verdict should have been directed in favor of defendant.

It is agreed that defendant's truck skidded into plaintiff's automobile and caused the injuries for which damages are sought, but it is contended that plaintiff failed to establish any of the allegations of negligence pleaded in his petition.

The plaintiff relied upon a count, amongst others, of excessive and dangerous speed upon the part of the defendant under the circumstances.

It should be borne in mind that this cause was not tried under the doctrine of res ipsa loquitur, therefore, the rule in the cases relied upon by defendant below does not apply. But see Barrett v. Caddo Transfer & Warehouse Co. (La.) 58 A. L. R. 264. There it was said:

"It has been generally held that the mere fact that an automobile skids on a slippery pavement does not of itself constitute evidence of negligence upon the driver's part so as to render the res ipsa loquitur doctrine applicable."

As applied to the case at bar, the quantum of care is to be measured by the exigencies of the particular situation. 1 Berry on Automobiles (6th Ed.) pp. 128-131.

In Ward Way v. Gunter, 147 Okla. 265, 296 P. 468, we held as to drivers of motor vehicles:

"The standard required is that of the reasonably prudent person under all the circumstances."

Such was the instruction of the trial court:

"You are further instructed that it was the duty of the driver of the defendant's truck to exercise ordinary care to keep his truck under proper control, to keep a lookout for objects upon the street, and the condition of the street, and to drive at a reasonable rate of speed, bearing in mind the condition of the street and all other conditions existing at the time and place of the accident."

The witness Nunnery testified that King street on the day in question was almost a solid sheet of ice, whereas on Peoria street the traffic had worn paths in the street, which paths were comparatively free from ice.

There was other testimony which tends to show that the very act of turning the truck into King street under the circumstances was reckless and negligent.

Defendant's witness Goodlett (C.-M. p. 71) testified: "I don't believe that a truck would hold on its tires at all, because there was an incline."

It was established that there were no chains used on defendant's truck.

The witness Goodlett in substance testified that the turn by the truck under the conditions could not with safety be made at all.

The fact seems to be agreed upon that the front wheels of defendant's truck could not be controlled on the icy street, and the jury probably took the view that the truck failed to straighten out after the turn on King street; that it went over the crown of the narrow street against the car of plaintiff, causing the injury and damage.

We find, and hold, that there was sufficient evidence to support the verdict of the jury and judgment of the trial court, which presupposes negligence on the part of the driver of defendant's truck.

The Supreme Court of Connecticut in De Antonio v. New Haven Dairy Co., 136 Atl. 567, followed the rule that negligence was determined by the circumstances of the case. It said:

"It is easy to conceive of a hill so steep and slippery that to descend it at all, with every precaution that prudence or ingenuity could suggest, would yet be so obviously hazardous as to leave no doubt that reasonable care would forbid the undertaking."

In the case of Barrett v. Caddo Transfer & Warehouse Co. (La.) 116 So. 563, 58 A. L. R. 261 (cited supra), it was said:

"To operate a heavy truck at a speed of eight to ten miles an hour upon a paved street with a sloping grade and with a

486

surface admittedly slippery, is an act of negligence; but for the driver of a heavy truck to turn from a paved street into an alley at right angles under such dangerous conditions and at such rate of speed, is nothing short of an act of recklessness. Skidding and loss of control of the machine would be almost certain and a condition which the truck driver could reasonably have foreseen, 'as the accident occurred in broad daylight."

Numerous cases support this doctrine: Quigley v. Yellow Taxicab Co. (Mich.) 196 N. W. 198; Dodge v. Toth (Conn.) 110 Atl. 454; Gibson v. Gray Motor Co. (Minn.) 179 N. W. 729; Gross v. Bernside (Cal.) 199 P. 780; Rockwell v. Standard Stamping Co. (Mo. App.) 241 S. W. 979; Arnold v. Brereton (Mass.) 158 N. E. 671; Bloom v. Allen (Cal. App.) 214 P. 481.

Judgment affirmed.

OSBORN. C. J. BAYLESS, V. C. J., and WELCH. PHELPS, CORN, GIBSON. and DAVISON. JJ.. concur. HURST, J., disqualified, not participating.