## KELLOGG SALES CO. v. HOLROYD.

### No. 27442.    Oct. 19, 1937.

Harry Campbell, Valjean Biddison, Hal Crouch, and Harry Campbell, Jr., for plaintiff in error.

Hamilton & Clendinning and McCollum & McCollum, for defendant in error.

OSBORN, C. J.   This action was instituted in the district court of Pawnee county by Emma Mae Holroyd, hereinafter referred to as plaintiff, against the Kellogg Sales Company, hereinafter referred to as defendant, to recover damages for the death of her husband, Oscar Stephen Holroyd, on the 30th day of July, 1934, who was killed as the result of a collision between an automobile in which he was riding with an automobile owned by defendant, driven by Glen H. Spencer, an employee of defendant company.   Issues were joined and the cause tried to a jury.   A verdict was returned in favor of plaintiff for $22,000. From a judgment thereon, defendant has appealed.

For reversal of the cause it is urged that the trial court committed error in admitting evidence, over the objection of defendant, regarding the weather conditions at the time of the collision, and that the court erred in instructing the jury that it was the duty of both drivers to exercise ordinary care to keep their cars under proper control, bearing in mind the conditions of the highway and the weather at the time and place of the accident.

The collision occurred about 11 o'clock a. m., on July 30, 1934, at a point on paved highway No. 64 about 15 miles east of Cleveland.   Both parties were traveling in Ford V-8 automobiles.   The deceased was traveling west and Spencer east.   There was sufficient evidence adduced on the part of plaintiff to support the general finding of the jury that the collision occurred on the north side of the highway.   Certain witnesses who testified that they were in the vicinity at the time of the collision were permitted to testify, over the objection of defendant, regarding a strong wind from the south and the effect of the wind upon their own automobiles.   C. M. Crook, a witness for plaintiff, testified:

"It was a good stiff breeze from the south.   The sun was shining.   I know that we was talking about how the wind was blowing and there was a good stiff breeze. I don't know how fast it was, but the wind was blowing pretty hard."

H. D. Tomlin, called as a witness for plaintiff, testified:

"It was rather hot and a rather windy day; real strong wind was blowing * * * from the south. * * * I drove rather slow, probably 20 to 25 miles an hour, on account of the wind pushing my car to the north side of the pavement."

Charles Kenyon, called as a witness for plaintiff, testified:

"It was an extremely hot wind and I drove the big part of the way extremely fast and I noticed, coming over those raises, that the wind drifted my car in and I slowed down some due to the wind."

In Huddy's Encyclopedia of Automobile Law, vol. 3-4, p. 34, appears the following statement:

"The weather conditions are also a factor to be considered as bearing upon the question of the negligence of the driver of an automobile.   This rule has been applied in the case of snow or rain storm, and in the case of ice or snow on a cross-walk."

In support of the rule the case of Hartwig v. Knapwurst, 178 Ill. App. 409, is cited.

In the recent case of Purity Ice Cream Co. v. Morgan, 180 Okla. 484, 71 P. (2d) 727, it was pointed out that the standard required of drivers of motor vehicles is that of the reasonably prudent person under all the circumstances.   The jury was properly

instructed in that case that it was the duty of the driver of a motor vehicle to exercise ordinary care to keep said vehicle under proper control, to keep a lookout for objects upon the street and the condition of the street, and to drive at a reasonable rate of speed, bearing in mind the condition of the street and all other conditions existing at the time and place of the accident. It was shown that at the time of the accident involved in that case the streets were covered with ice.

In the instant case the jury was properly instructed that ordinary care is that degree of care and caution which a reasonably prudent person would exercise under like circumstances. The fact that a strong wind was blowing which rendered it more difficult to retain complete control over an automobile being driven upon an open highway at a high rate of speed is a circumstance which was entitled to consideration with all the other facts and circumstances disclosed by the evidence, from which the jury might determine the issue of negligence. It was for the jury to determine the weight and value to be given to such evidence.

The judgment is affirmed.

RILEY, PHELPS, GIBSON, and DAVISON, JJ., concur.