Rosalie STOUT, Plaintiff in Error,

v.

Pearl B. RUTHERFORD and Thomas G. Loafman, Defendants in Error.

No. 38331.

Supreme Court of Oklahoma.

June 23, 1959.

David H. Sanders, Bert McElroy, Kent R. Blaine, Tulsa, for plaintiff in error.

C. E. Talley and Floyd L. Walker, Tulsa, for defendant in error, Pearl B. Rutherford.

Rucker, Tabor & Cox and Joseph M. Best, Tulsa, for defendant in error, Thomas G. Loafman.

BERRY, Justice.

The plaintiff in error, Rosalie Stout, appeared as defendant below, and defendant in error, Pearl B. Rutherford, appeared as plaintiff. The parties will be referred to herein as they appeared below.

Plaintiff instituted this action against defendant and Thomas G. Loafman, who is not a party to this appeal, to recover damages for personal injuries sustained as a result of defendant's automobile colliding with an automobile in which plaintiff was a passenger. From judgment in plaintiff's favor, defendant perfected this appeal which is on the original record.

Defendant contends that the trial court erred in overruling her demurrer to plaintiff's evidence and in denying her motion for a directed verdict and her motion for judgment, which errors are predicated upon the proposition that the evidence failed to show "negligence or liability upon the part of a defendant driver who collides with a third party on defendant's right side of the road and as a result thereof defendant is knocked out and rendered unconscious and loses control of her automobile and it, thereafter, skids across a bridge and

across the center line of the highway and in a second accident collides with car in which plaintiff is riding as there is no *casual* connection nor proximate cause established."

■ The plaintiff agrees that the following statement of facts taken from defendant's brief is correct:

"The proof established that on January 21, 1957, at approximately 6:00 p. m. a pickup truck-automobile collision occurred and, thereafter, two automobiles collided. The accidents occurred on or near a bridge on State Highway No. 11 and No. 20 just east of the city limits of Skiatook, Oklahoma. These highways run east and west at the scene of the collision. Highway No. 20 runs east to the town of Skiatook and Highway No. 11 comes from the south and intersects with Highway No. 20 and runs west and parallel with it to Skiatook. The two highways meet at a Y located some 250 feet east of the scene of the collisions. The daylight was beginning to disappear and it was getting dark. It was misting rain and the road was wet. The bridge involved in the collision is narrower than the pavement. It is 43 feet long and 19 feet 10 inches wide. Due to dirt packing and caking on the bridge over a long number of years the traveled portion of the bridge has been reduced to 16 feet 4 inches in width.

"The defendant Loafman was driving a 1953 model one-half ton Ford pickup eastward. To the pickup was attached a 4-wheel farm trailer. The plaintiff was riding in a Chevrolet automobile which was being driven eastward by her husband, Arlie Rutherford. The Rutherfords were following the pickup and trailer. The evidence established that there was about three car lengths' distance between the automobile in which the plaintiff was riding and the Loafman trailer. Loafman testified that he was traveling at a speed from 15 to 25 miles per hour. He further testified that he had driven some 90 miles before the accident occurred and was taking the pickup truck and trailer from Stillwater to Nowata.

"The defendant * * * was on her way from her employment in Tulsa to her home located west of Skiatook. She had been driving northward on State Highway No. 11. She stopped at the intersection of Highways 11 and 20 and then made a left hand turn onto the conjoint highway in question. She was driving her automobile at a speed from 15 to 20 miles an hour and was operating it in second gear. When the defendant Stout reached a point about 40 feet east of the bridge she observed the defendant Loafman coming from the opposite direction. Upon observing the defendant Loafman's pickup she pulled her car to the right side of the road in order to keep on her own side of the road. When she was a distance of 10 to 15 feet from the bridge, she noticed that her right front wheel was off on the shoulder. She then took her foot off the accelerator and slowed down and then gradually cut back to the left. When the wheel hit the highway her car began to skid and went out of control.

"As the defendant Stout started to cross the bridge the left front bumper of her automobile struck the left rear fender of the pickup truck of Loafman and then struck the trailer Loafman was pulling. When the defendant Stout collided with the defendant Loafman she was knocked out. Her automobile was knocked out of control and she careened first to the north and then to the south crossing the center line of the highway and collided head on with the Rutherford automobile which had stopped near the west end of the bridge."

We must first determine whether under the evidence defendant could properly be found negligent in operating her automobile

immediately prior to the accident. It stands admitted that immediately before the accident the highway was wet; that defendant knew that her right front wheel was off the highway; that she "cut back to the left" in order to get all four wheels of the automobile on the highway; that as a result of cutting back "her automobile began to skid and went out of control". In our opinion, defendant's actions in the foregoing particulars, in view of the conditions of the highway, the proximity of the narrow bridge and the fact that motor vehicles were approaching from the opposite direction, sustains the finding of negligence on her part. 47 O.S.1951 § 121.3(a) reads in part as follows:

"§ 121.3(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon the highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead; * * *"

See also Purity Ice Cream Co. v. Morgan, 180 Okl. 484, 71 P.2d 727; Huey v. Stephens, Okl., 275 P.2d 254, and 5A Am.Jur. "Automobiles and Highways", Sec. 240, p. 374.

■ We next consider defendant's contention based on *"casual* connection and proximate cause". In the first paragraph of the syllabus to Wilcox Oil Co. v. Bradberry, 208 Okl. 546, 257 P.2d 1096, 1097, proximate cause is defined as follows:

"The proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred."

■■ We held in the second and third paragraphs of the cited case that "In order for an intervening cause to relieve one guilty of primary negligence from liability such intervening cause must have been the direct, sufficient and proximate cause of the injury and must entirely supersede the original act of negligence. If such intervening cause might reasonably have been foreseen as the natural and probable consequence of the condition created by the primary negligence the original wrongdoer will not be relieved from liability" and that "In order to relieve the one guilty of the first act of negligence of responsibility the intervening cause must entirely supersede the original act of negligence. In other words it must be independent of the original act and adequate of itself to bring about the injurious result."

■ The matter of the left portion of Loafman's pickup truck being a foot to the north of the center line of the highway cannot, under the facts, be said to be an intervening cause which entirely superseded defendant's original act of negligence in driving (cutting back) her automobile from the shoulder of the highway to the highway which resulted in her automobile skidding on the wet paving and ultimately going out of control.

In Huey v. Stephens, supra, a contention was made which is very similar to the contention made by defendant. In the cited case the defendant who lost control of her automobile and collided with plaintiff's pickup truck, contended that ruts in the shoulder of the highway caused her to lose control of her automobile and veer back onto the highway and strike plaintiff's truck. While defendant in the cited case based her defense on "unavoidable accident", she, in fact, asserted that the proximate cause of the collision was the defective condition of the highway and not her negligent driving. Here, defendant asserts that the proximate cause of the collision of her automobile with the one in which plaintiff was riding was Loafman operating his truck in such a manner that the left side thereof was to the north of the center of the highway. The defense urged by defendant in the cited case was rejected and the judgment against her for damages was sustained.

**270**

In 5A Am.Jur., Sec. 240, p. 374, supra, this will be found:

"Generally speaking, when the operator of an automobile once starts a chain of events by reason of his own negligence he may be held responsible for all mishaps which are properly the proximate result of his unlawful conduct, notwithstanding there are other intervening causes contributing to the injury. * * *"

We are of the opinion that the above quoted rule is applicable to the facts presented by the instant case.

Affirmed.